ROBERT C. DAVIDSON, Plaintiff, *v.* PENN-VIRGINIA COAL AND COKE CORPORATION, Defendant.

(Supreme Court, New York Special Term, October, 1919.)

Pleading — verification of, by officer of corporation upon information and belief — source of information — books and records — Code Civ. Pro. § 526.

> Where the affirmative allegations pleaded in separate defenses in the answer of a foreign corporation and most of the denials are made upon information and belief, a verification by defendant's vice-president, stating that the sources of deponent's information and the grounds of his belief as to all matters not stated on his own knowledge are the books and records of the defendant, is sufficient under section 526 of the Code of Civil Procedure, and a motion to compel acceptance of the answer will be granted with costs.

MOTION by the defendant to compel the plaintiff to accept its answer.

Julius Levy, for motion.

Davis, Wagner, Heater & Holton (Guy C. Heater, of counsel), opposed.

GIEGERICH, J. The defendant makes this motion to compel the plaintiff to accept its answer. The defendant is a foreign corporation. The answer was verified on its behalf by its vice-president. The verification contains this statement: "That the sources of the deponent's information and the grounds of his belief as to all matters not stated on his own knowledge are the books and records of said corporation." The answer comprises both denials and affirmative allegations, set up in two separate defenses. All the affirmative allegations and most of the denials are made upon information and belief. As the defendant is a foreign

corporation, the verification must comply with the requirement of section 526 of the Code of Civil Procedure, which is that where the verification is made by a person other than the party, "he must set forth in the affidavit the grounds of his belief, as to all matters not stated upon his knowledge." Code Civ. Pro. § 525; *Robinson* v. *Ecuador Development Co.,* 32 Misc. Rep. 106. I am of the opinion that the verification here is sufficient. Reliance is placed by the plaintiff upon *Nelson* v. *Baruch,* 60 Misc. Rep. 357, which holds that such a verification by one not a party should show that the affiant derived his information which he states as the grounds of his belief from some person who had knowledge of the facts, or from letters and documents. In the present case, if the sources of the deponent's information had been stated to be books and records, without stating what books and records, a somewhat analogous situation would be presented to that presented in *Nelson* v. *Baruch, supra,* but the affidavit goes further, and states that such sources of information are the books and records of the defendant corporation. Taking these words in a reasonably broad sense, I think it is fair to infer that the books and records of the corporation do contain information relative to the matters in question in the answer, and that there is a sufficient presumption of the truth of such sources of information to warrant the court in treating the affidavit as a sufficient compliance with the requirements of the Code. It should be remembered that the question now presented is not one of the admissibility of evidence, but is merely a question of the sufficiency, for the purposes of the pleading, of the sources of information which the affiant sets forth as the grounds of his belief.

Motion granted, with ten dollars costs.